```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


AARON L. JONES, SR.,              )    CASE NO. 4:06 CV 2345
                                  )
        Plaintiff,                )    JUDGE PETER C. ECONOMUS
                                  )
    v.                            )
                                  )    MEMORANDUM OF OPINION
MUNICIPAL JUDGE DOUGLAS, et al.,  )    AND ORDER
                                  )
        Defendants.               )
```

On September 27, 2006, plaintiff pro se Aaron L. Jones Sr. filed this action under 42 U.S.C. § 1983 against Municipal Judge Douglas, Judge Maureen Sweeney and Mahoning County Justice Center. The complaint seeks damages, and an order vacating his recently imposed sentence in the Mahoning Court of Common Pleas, on the ground that his convictions were the result of numerous unfair and erroneous procedures. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 11/7/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE